# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JAMES LEE SHIELDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16CV1295 CEJ |
| | ) |
| CHRISTOPHER LAMBERT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff James Lee Shields for leave to commence this action without prepayment of the filing fee. (Docket No. 2). Having reviewed the certified inmate account statement submitted with the instant motion, the Court determines that plaintiff lacks sufficient funds to pay the entire filing fee, and assesses a partial initial filing fee of $28.72. In addition, the Court has reviewed the amended complaint, and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

According to the certified inmate account statement submitted with the instant motion, plaintiff's average monthly deposit amount is $143.62, and his average monthly balance is $30.76. The Court therefore assesses an initial partial filing fee of $28.72, which is twenty percent of plaintiff's average monthly deposit. 28 U.S.C. § 1915(b)(1).

## 28 U.S.C. § 1915(e)(2)(B)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D. N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the

Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 129 S. Ct. at 1950. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

**Procedural History**

On August 8, 2016, plaintiff filed a 34-page complaint accompanied by various exhibits and letters. On that same date, he filed a "Motion for Liberal Construction," and on August 25, 2016 he filed a motion to supplement the complaint with new allegations. On September 8, 2016, the Court denied the motions as moot and gave plaintiff leave to file an amended complaint that contained all of the allegations he wished to bring against the defendants. The Court explained to plaintiff that the amended complaint must contain short and plain statements showing that he was entitled to relief, that the allegations must be simple, concise and direct, and that the amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff was cautioned that failure to make specific and actionable allegations or failure to follow the Court's instructions would result in the dismissal of his case. (Docket No. 8).

**The Amended Complaint**

On October 17, 2016, plaintiff filed a 55-page amended complaint pursuant to 42 U.S.C. § 1983, alleging violation of his Fifth, Eighth, and Fourteenth Amendment rights. Named as defendants are Christopher Lambert (Storekeeper), Karen Teal (Storekeeper), Steven Gifford

(Correctional Officer), Bruce Dunn (Case Manager), Troy Steele (Warden), Jeffery Jones (Case Manager), Michael Miller (Case Manager) John Bain (Acting Assistant Warden), Jamie Crump (Deputy Warden of Offender Management), Jason Davis (Correctional Officer), and Dave Dormire (Assistant Director of Adult Institutions).

The Court has reviewed the amended complaint in its entirety. Plaintiff's allegations stem from an incident that occurred on August 8, 2014 involving an exchange of obscene hand gestures between plaintiff and a fellow inmate who was working in the canteen. Plaintiff alleges that defendant Karen Teal, who was the canteen shopkeeper, noticed plaintiff displaying an obscene hand gesture, and asked him why he did it. Plaintiff initially refused to respond but when pressed, said that he did so because a canteen worker had made an obscene gesture at him from inside the canteen. Teal directed plaintiff to identify the canteen worker and plaintiff refused, telling her to review the surveillance camera footage to obtain the information. As other inmates looked on, Teal continued to demand that plaintiff identify the canteen worker. Defendant Christopher Lambert took plaintiff's canteen items in an effort to help Teal secure plaintiff's compliance, but plaintiff stated that he could keep it. Plaintiff received a conduct violation for arguing and cursing while refusing Teal's directive and telling Lambert to keep his canteen items. He was moved from the honor dorm to disciplinary segregation, and his recreation was restricted. Plaintiff filed a grievance, and an appeal from the denial of it.

Plaintiff alleges that following Teal's and Lambert's directive to identify the canteen worker could have resulted in him being labeled a "Snitch, Rat and or a Police [expletive]" and that if that happened, he would be in danger of serious bodily injury or death. (Docket No. 12 at p. 21, et seq.) He alleges that those actions on the part of Teal and Lambert, and their conspiracy

4

in conjunction with his conduct violation charge and grievance procedure, violated his constitutional rights. As to defendants Gifford, Dunn, Steele, Dormire, Miller, Jones, Bain, Crump, and Davis, plaintiff alleges that they falsified claims against him, conspired against him, were deliberately indifferent to the danger that identifying the canteen worker could expose him to, and committed various wrongs in conjunction with the grievance he filed regarding his conduct violation. Plaintiff does not allege that his reputation was actually damaged or that he ever suffered any other form of actual injury as a result of the actions of any defendant.

**Discussion**

Plaintiff is before the Court in forma pauperis, meaning the Court has a duty to dismiss the case at any time if it determines that fails to state a claim upon which relief can be granted, is frivolous, or malicious. 28 U.S.C. § 1915(e)(2). Upon consideration, the Court determines that plaintiff's amended complaint is subject to dismissal for failure to state a claim upon which relief can be granted.

Plaintiff fails to allege that he ever suffered any actual injury as a result of the actions of any of the defendants. Plaintiff alleges that identifying the canteen worker could have caused ramifications for him in terms of his reputation among the other inmates, but he alleges no facts tending to show that his reputation actually was damaged. Plaintiff also fails to allege that he suffered any other form of harm as a result of the actions of any of the defendants. To state a claim under § 1983, a plaintiff must show that an actual injury resulted from the alleged constitutional violation. *Klinger v. Dept. of Corrections*, 107 F.3d 609, 617 (8th Cir. 1997); *see also Lewis v. Casey*, 518 U.S. 343, 355 (1996) (actual injury requirement derives from the doctrine of standing); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (serious injury required in

5

order to state a failure to protect claim). For the remainder of his claims on this point, plaintiff alleges that his constitutional rights were violated when the defendants, collectively and in conspiracy with each other, instructed him to identify the canteen worker while in the presence of other inmates. Plaintiff's allegations suggesting a conspiracy on the part of the defendants are conclusory and nonsensical, and fail to plausibly suggest entitlement to relief. *See Iqbal*, 129 S. Ct. at 1951.

Plaintiff also fails to identify any constitutional or federal right, privilege or immunity that has been violated by any of the defendants. Plaintiff alleges that all of the defendants falsified claims, conspired to deceive hearing officers, and failed to grant him relief during his prison grievance procedure. In the context of a state prison system, an inmate grievance procedure is not constitutionally required. *Spencer v. Moore*, 638 F. Supp. 315 (E.D. Mo. 1986) (internal citations omitted). If the state elects to provide a grievance procedure, violations thereof do not deprive prisoners of any federal constitutional rights. *Id.* Therefore, any and all of plaintiff's claims that are related to his prison grievance procedure fail to give rise to a claim under 42 U.S.C. § 1983. Because plaintiff has no constitutional right to a grievance procedure, he fails to state a claim for which relief can be granted.

Plaintiff alleges that, as a result of the conduct violation charge, he was transferred from the "honor dorm" into a disciplinary segregation unit, and his recreation was restricted. To the extent plaintiff can be understood to allege that this change in his custodial classification violated a constitutional right, such claims would fail. The protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" that are adverse to a prisoner. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). Only when a prisoner

6

demonstrates "extraordinary circumstances" showing that a punishment imposes an atypical and significant hardship may he maintain a constitutional challenge to a change in his custodial classification. *Sandin v. Conner*, 515 U.S. 472, 484-86 (1995) (due process protections attach only to those punishments that impose an atypical and significant hardship in relation to ordinary prison life, or to those that extend the length or duration of confinement). Plaintiff herein makes no such allegations with regard to his transfer from the honor dorm into disciplinary segregation, or his recreational restriction. Cases in which segregated confinement is sufficiently atypical to raise such concerns involve circumstances much harsher than plaintiff describes. *Compare Wilkerson v. Stalder*, 329 F.3d 431 (5th Cir. 2003) (noting that a prisoner's due process rights may have been violated where he was kept on lock-down status for thirty years.). The Court therefore concludes that plaintiff fails to state a claim that the change in his custodial classification implicated any constitutional right. *Cardoso v. Calbone*, 490 F.3d 1194, 1198 (10th Cir. 2007) (upholding district court's ruling that a reduction in classification level does not implicate a liberty interest). Finally, the amended complaint fails to state, with regard to each one of the defendants, the capacity in which they are sued. The Court need not reach this point, however, because plaintiff's claims would fail even if they had been properly alleged against proper party-defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is granted.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $28.72 **within twenty-one (21) days** of the date of this Order. Plaintiff is instructed to make his

remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall not issue process or cause process to issue upon the amended complaint because it fails to state a claim upon which relief can be granted.

An order of dismissal will be filed separately.

Dated this 21st day of October, 2016.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE